QUAM and others, Appellants, vs. CITY OF FORT ATKINSON and others, Respondents.

*March 6—April 3, 1918.*

*Municipal corporations: Street improvements: Statutory plans: Material to be used: Rights of abutting owners: Assessments not to exceed benefits: Constitutional law.*

1. The right given by sub. 2, sec. 925—175, Stats. 1915, to the owners of property fronting upon a proposed street improvement in a city of the third or fourth class, to designate, by petition to the council, the paving material which shall be used, applies only to improvements made pursuant to said sec. 925—175, and

has no application where the proceedings for the improvement were under secs. 959—30a to 959—30j.

2. The plan for street improvements provided for in sec. 925—175, Stats. 1915, and that provided for in secs. 959—30a to 959—30j are separate and distinct, and cities to which both are applicable may choose between them.

3. Under sub. 1, 8, sec. 959—30f, Stats., a city, by clear implication, can assess to any abutting parcel of land no more of the cost of a street improvement than the amount of benefits accruing therefrom to such parcel.

4. Assessment of a part or all of the cost of street improvements upon abutting property to the extent of the benefits accruing thereto is not a taking of property for public use without just compensation, within the meaning of sec. 13, art. I, Const.

APPEAL from an order of the county court of Jefferson county: R. B. KIRKLAND, Judge. *Affirmed.*

The appeal is from an order sustaining a general demurrer to the complaint of the plaintiffs.

This action is brought to restrain the defendants, as city officers, from carrying out proceedings to pave Whitewater avenue in the city of *Fort Atkinson* with a permanent pavement having a concrete foundation. The facts alleged in the complaint are as follows:

That *Fort Atkinson* is a city of the fourth class and is governed by the general city charter law; that Whitewater avenue is a public street, and the plaintiffs each own real estate abutting upon the portion of the avenue included within the proposed improvement; that Whitewater avenue is paved with macadam, which is in a fair condition of repair, and at a reasonable cost could be put in good condition at much less expense than the improvement contemplated; that after the council resolved to pave Whitewater avenue with a permanent pavement having a concrete foundation the owners of more than one half of the frontage to be affected by the proposed improvement filed their written petition with the council requesting that no concrete foundation be laid and that said avenue be remacadamized with crushed stone and asphaltic binder, which petition has been wholly disregarded

by the city officers, who persist in proceeding with their plans for installing the proposed improvement; that either form of improvement will cost over $500, and the abutting property, excepting for street intersections, will be assessed to pay the cost of such improvement to the extent of benefits received; that the expense of the pavement proposed by defendants will be much greater than the improvement requested by the petitioners and greatly in excess of what the value of the abutting property warrants and the necessities of travel require, and that the present pavement will be destroyed. The complaint quotes amendments to the general charter law referred to hereafter, and demands judgment against defendants determining and adjudging that the resolution and all proceedings taken thereunder be held null and void and that the defendants be enjoined from taking any further action to pave Whitewater avenue, and that the plaintiffs have such further order, judgment, and relief as may be equitable and just, together with their costs and disbursements in this action.

The defendants demurred to the complaint on the ground that it appears upon the face thereof that the same does not state facts sufficient to constitute a cause of action. The county court entered an order sustaining the demurrer, with leave, however, to the plaintiffs to amend their complaint within twenty days from the date of service of such order on the plaintiffs' attorney and the payment of $10 costs. From this order appeal is taken.

*Wm. R. Curkeet* of Madison, for the appellants.

*Charles B. Rogers* of Fort Atkinson, for the respondents.

SIEBECKER, J. The plaintiffs, as abutting property owners, assert that they have the right to restrain the defendants, as city officers, from further prosecution of the proceedings to improve Whitewater avenue with a permanent pavement having a concrete foundation as prescribed by secs. 959—30$a$ to 959—30$j$, Stats. It is claimed by plaintiffs that the rights conferred on them by sub. 2 of sec. 925—175 can be

invoked against the contemplated action of the common council. This subsection was added to sec. 925—175 by ch. 487, Laws 1915, which provides that the existing provisions of this section shall be retained and be numbered subsection 1 and that a new subsection is added, numbered 2, which provides in substance that when the street improvement contemplated by this statute is undertaken by cities, owners of property fronting on such street may, within the prescribed time "after the council determines" to make the improvement "as provided in subsection 1 of the section," petition the council in writing requesting that "said part of said street, alley or court" be improved "with certain material and the council shall let the contract" for such improvement with the kind of improvement specified in the petition. The plaintiffs claim that this amendment to this section of the general city charter law embraced in ch. 40a, Stats., confers on them, as property owners fronting on the contemplated street improvements, the right to limit by petition the powers of the city council in making this improvement pursuant to the powers conferred by secs. 959—30a to 959—30j, Stats. An examination of the provisions of the amended sec. 925—175 discloses that there is nothing in the phraseology of the statute indicative of a legislative intent that the power thereby conferred on lotowners is applicable to and limits the powers conferred on city councils by other statutes, nor do the terms of this statute conflict with those of secs. 959—30a to 959—30j. The amendment of sec. 925—175, Stats., by adding the provision of sub. 2, naturally and reasonably indicates that the legislature intended thereby to restrict the power conferred on the common council in this section by the right conferred on the lotowners whenever street improvements were made under this section of the general charter law. Furthermore, it is expressly declared in secs. 959—30a to 959—30j that any city may make the street improvement therein provided and that these sections of the

statutes "shall not be construed as repealing any provisions of the statutes, but shall constitute and prescribe a mode of making city improvements which any city may follow in any instance, if the common council of such city shall so elect" (sec. 959—30*j*). The two plans for street improvements provided for by the foregoing two legislative schemes are entirely separate and distinct and it must be held that each stands independently of the other and that they present an option to cities coming within both statutes which one shall be followed. This harmonizes with what was said in *Dunn v. Superior,* 148 Wis. 636, 135 N. W. 145, and *Weise v. Green Bay,* 143 Wis. 198, 126 N. W. 681. The detailed provisions of these statutes as embodied in each of these statutory plans for street improvements contain many differing elements which differentiate the two plans in such ways as to clearly indicate that they were intended to stand separately and afford to cities included therein a choice between them. It must be held that the plaintiffs had no right to petition the common council to order the contemplated street improvement in conformity with the requests of the plaintiffs.

It is contended that if the council proceeds with the improvements under secs. 959—30*a* to 959—30*j*, Stats., then the council should be restrained because the proceeding is invalid upon the ground that these statutes authorize a special assessment upon abutting property in excess of the benefits derived therefrom. This claim overlooks the express provisions of sub. 1, 8, sec. 959—30*f*, whereby the board of public works is charged with determining the benefits and damages which shall accrue from such improvement to property affected thereby and the amount "that should be assessed to each parcel of such real estate as benefits accruing thereto" by such improvement and the power of the common council to "determine the amount to be paid by the real estate as benefits on account of such improvement . . . and the amount

that shall be paid by the city at large or the ward funds or the wards in which the improvement is made." By clear implication the city is thereby limited to assess no more of the cost of improvement to each abutting parcel of land than the amount of benefits accruing thereto by such improvement. This negatives the plaintiffs' claim that the city may assess any amount of the costs of such improvement against abutting real estate in excess of the benefits accruing to such property by the improvement. The power to so assess a part or all of the costs of the improvement upon abutting property to the extent of the benefits accruing thereto is generally recognized in the decisions as no infringement of the rights of an abutting owner guaranteed him by sec. 13, art. I, of the state constitution, that "The property of no person shall be taken for public use without just compensation therefor." It is considered that the trial court properly sustained the defendants' demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.